```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW HAMPSHIRE
```

Suzanne Borsody

    v.                                   Civil No. 13-cv-468-JL
                                                                          Opinion No. 2015 DNH 005

Carolyn W. Colvyn, Acting Commissioner,
Social Security Administration

## ORDER ON APPEAL

Suzanne Borsody has appealed the Social Security Administration's denial of her application for a period of disability and disability insurance benefits. An administrative law judge at the SSA ("ALJ") ruled that, despite Borsody's severe impairments (bipolar disorder, fibromyalgia, and carpal tunnel syndrome, among others), she retains the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy, and, as a result, is not disabled. See 20 C.F.R. §§ 404.1505(a). The Appeals Council later denied Borsody's request for review of the ALJ's decision, see id. § 404.968(a), with the result that the ALJ's decision became the SSA's final decision on Borsody's application, see id. § 404.981. Borsody appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Borsody has filed a motion to reverse the decision. See L.R. 9.1(b)(1). Among other things, she argues that the ALJ failed to properly evaluate much of the medical opinion evidence

bearing on the RFC determination.  The Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision, <u>see</u> L.R. 9.1(d), attempting to defend the ALJ's handling of the opinion evidence.  As more fully explained below, the court agrees with Borsody that the ALJ failed to articulate his reasons for discounting medical opinion evidence establishing that Borsody's RFC was more limited than the ALJ found and, accordingly, grants her motion to reverse (and denies the Commissioner's motion to affirm) the ALJ's decision.

      The ALJ found that Borsody retained the RFC to perform sedentary work with a number of limitations.  In relevant part, the ALJ stated these limitations to be that Borsody "can frequently reach above both shoulders, handle with her hand, finger with her left hand."  As Borsody points out, however, a physician who had examined her on behalf of the Florida Department of Health in May 2009, Dr. Rhys House, observed that Borsody's "right hand had a reduced grip of 4/5 and was of little use and she could not extend or use her right thumb and had loss of sensation in all fingers."  House, who diagnosed Borsody with carpal tunnel syndrome in both hands, further stated that her right hand was "functionally useless as she is unable to grip or manipulate small objects and relies on the use of her [non-dominant] left hand for feeding herself and dressing."

As the Commissioner points out, the ALJ noted some of House's opinions in his order--but, as Borsody points out, the order does not explain why the ALJ rejected those opinions in determining her RFC. The order merely states that "the medical opinion of the state agency consultant [*sic*] in September 2008 and September 2009 is reflected in the [] stated [RFC]." While these opinions, reached by two different physicians who did not examine Borsody, did not include any limitations on her use of her right hand, the ALJ's order (which, it should be noted, does not otherwise describe the consultants' opinions) fails to articulate any reason why those opinions were given more weight than House's differing conclusions on the subject.

The Commissioner does not argue to the contrary. Instead, she suggests that, in determining Borsody's RFC, the ALJ actually "limited [her] to frequent reaching above her shoulders and handling and fingering with her left hand." Again, though, in announcing his determination of Borsody's RFC (which the Commissioner acknowledges is "awkwardly phrased"), the ALJ stated that she "can frequently reach above both shoulders, handle with her hand, finger with her left hand." Nothing on the face of this statement indicates that Borsody can perform these manipulative activities with her left hand only, and not with her right, as House had concluded.

3

Nor, contrary to the Commissioner's suggestion, did the ALJ include any such limitation in his hypothetical question to the vocational expert ("VE") who testified at the hearing.  In identifying limitations for that purpose, the ALJ stated, in relevant part, that the claimant could "frequently handle with the left hand and fingers," saying nothing about any limitations on the use of the right hand.[1]  It strains credulity to suggest that, by identifying minor limitations on Borsody's use of her left hand alone, the ALJ was indicating his belief that she could not use her right hand at all; the considerably more likely inference is that the ALJ said nothing about Borsody's right hand because he believed she faced no limitations in using it.

In any event, as Borsody points out, that is clearly how the VE understood the ALJ's hypothetical question, since, in response, the VE identified three jobs that a claimant with those limitations could perform--and all of those jobs require frequent handling, at least according to the Dictionary of Occupational Titles, or "DOT" (with which the VE stated that his testimony was consistent).  The VE was not asked whether a claimant could nevertheless perform those jobs without the use of her dominant

---

[1] The term "frequently" itself reflects a limitation in the sense that it means less often than "constantly."  Dep't of Labor, Dictionary of Occupational Titles App. C, at IV (4th ed. rev. 1991).

hand.  Indeed, at least one of the jobs, "lens inserter"--which entails inserting lenses into sunglass frames--seems difficult if not impossible to perform one-handed.[2]

So the record simply does not permit the inference that the ALJ found, despite Borsody's inability to use her right hand (and her other limitations), she was capable of performing jobs that exist in significant numbers in the national economy, and, as a result, is not disabled.  Instead, the record compels the inference that the ALJ found Borsody had no limitations in using her right hand, and that, accordingly, she could do the jobs the VE had identified.  While there is evidence to support such a finding--most notably the opinions of Dr. Robert Dehgan, who examined Borsody on behalf of the Florida Department of Health in August 2009 and detected no manipulative limitations in either hand--it was incumbent on the ALJ to state some basis for crediting that evidence rather than the contrary opinion that

---

[2] Some courts have held that, in classifying jobs to require frequent handling or fingering, "[t]he DOT does not contain any requirement of bilateral fingering ability or dexterity." Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000); see also, e.g., Diehl v. Barnhart, 357 F. Supp. 2d 804, 821 (E.D. Pa. 2005). Here, though, the Commissioner does not rely on this line of authority, or otherwise address Borsody's argument that DOT requirements of handling or fingering necessarily require the ability to do so with both hands.  Regardless, in most of the cases, the VE specifically testified that the jobs in question could be done one-handedly, see, e.g., Carey, 230 F.3d at 146, and, as just discussed, there was no such testimony here.

House reached after examining Borsody just a few months earlier. See 20 C.F.R. § 404.1527(c); Polanco-Quinones v. Astrue, 477 Fed. Appx. 745, 746 (1st Cir. 2012).  As the Commissioner more or less concedes, the ALJ failed to do so (or, for that matter, even to acknowledge directly that a medical opinion existed that conflicted with his findings).

Accordingly, Borsody's motion to reverse the ALJ's decision (document no. 9) is GRANTED and this matter remanded to the SSA so that House's conclusions, and the other medical opinion evidence of record, may be properly considered.[3]  See 42 U.S.C. § 405(g).  The Commissioner's motion to affirm the ALJ's decision (document no. 13) is DENIED.  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

/s/ Joe Laplante
_____
Joseph N. Laplante
United States District Judge

Dated:  January 13, 2015
cc:  Raymond J. Kelly, Esq.
     T. David Plourde, AUSA

---

[3]Borsody argues that the ALJ also failed to properly evaluate much of the other record evidence, including the opinion of her treating psychiatrist and Borsody's subjective account of her limitations.  Because the ALJ's failure to properly consider House's opinion necessitates reversal and remand in and of itself, the court need not reach those arguments.